**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**MICHAEL LEE WALKER** **PLAINTIFF**

**V.** **No. 3:26-CV-00064-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner** **DEFENDANT**

**ORDER[1]**

Plaintiff Michael Lee Walker appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

On December 4, 2020, Mr. Walker filed an application for benefits alleging bilateral low vision, hypertension, migraines, and illiteracy. *Tr. 59.* He amended his claim to include carpal tunnel, left knee problems, dizzy spells, and a learning disability. *Tr. 584.*

Following the regular process, Mr. Walker's claims were denied, and he eventually sought review in federal court. On June 13, 2023, the Court remanded the case for further proceedings. *Tr. 524-28.*

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

At a September 4, 2025 hearing, an Administrative Law Judge ("ALJ") heard testimony from Mr. Walker and a vocational expert ("VE"). *Tr. 471-497.* On October 3, 2025, the ALJ issued a decision finding that Mr. Walker was not disabled. *Tr. 394-411.* The Appeals Council denied Mr. Walker's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 382-384.*

Mr. Walker, who was almost thirty-nine years old at the time of the hearing, has a high school education and no past relevant work experience. *Tr. 410, 429, 473, 494.*

## II. The ALJ's Decision[2]

The ALJ found that Mr. Walker had not engaged in substantial gainful activity since the application date of December 4, 2020 and had the following severe impairments: borderline intellectual functioning, carpal tunnel syndrome, communication delays, degenerative disc disease, history of right knee meniscus tear, hypertension, and tachycardia. *Tr. 396.* However, the ALJ concluded that Mr. Walker did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 398.*

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4).

According to the ALJ, Mr. Walker had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional stooping, crouching, kneeling, crawling, and balancing; (2) frequent fingering and feeling with bilateral upper extremities; (3) no working around hazards such as high exposed places or dangerous moving mechanical parts; (4) simple instructions; (5) simple tasks within customary workplace breaks; (6) simple work-related decisions; (7) only occasional interaction with the public; (8) no tasks that require more than occasional oral communication with the public; and (9) no jobs requiring reading or writing at more than a third grade level. *Tr. 401*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Walker could perform, including motel cleaner, production assembler, and subassembler. *Tr. 410, 495.* Accordingly, the ALJ determined that Mr. Walker was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in

this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Mr. Walker's Arguments for Reversal**

Mr. Walker contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in finding that he did not meet Listing 12.05(B). *Doc. 10.*

**C. Analysis**

Mr. Walker asserts that he met Listing 12.05(B), which relates to intellectual disorders. *Doc. 10.*

A claimant may meet 12.05(B) by demonstrating:

(1) a full scale IQ score of 70 or below, or a full scale IQ score of 71-75 with a verbal or performance IQ score of 70 or below; <u>and</u>

(2) significant deficits in adaptive functioning manifested by extreme limitation of one, or marked limitation of two, of the following areas:
(a) understanding, remembering, and applying information,
(b) interacting with others,

(c) concentrating, persisting, or maintaining pace, or
(d) adapting and managing oneself; and

(3) evidence that the intellectual disorder began before age 22.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05.

At step three, the burden rests squarely on the claimant to prove he met a Listing. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). The claimant must show that his impairment matches all of the specified medical criteria of a Listing. *Johnston v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

The primary dispute is whether Mr. Walker met Part 2, which requires him to have "significant deficits in adaptive functioning." *Doc. 10*. On this issue, the ALJ concluded that Mr. Walker has only moderate limitations, noting that he: (1) is able to manage his personal care needs without assistance; (2) prepares simple meals and performs household chores; (3) passed his driver's test and can drive a car, including on unfamiliar routes; (4) shops in stores several times a month; (5) engaged "concentration related activities" such as playing games, watching tv, fishing, hunting, and woodworking; (6) groomed and dressed independently; and (7) was appropriately dressed at appointments with no deficits in hygiene or grooming. *Tr. 399-401*. Additionally, the ALJ pointed out that a 2020 mental diagnostic evaluation and intellectual assessment found that Mr. Walker's "overall functioning appears to be in the borderline range." *Tr. 302*. Additionally, the examining psychologist noted "suspicion of symptom exaggeration" and

"[f]actitious behavior or malingering at some level was suspected." *Tr. 304*. Mr. Walker's criticism of the ALJ's findings related to Part 2 is simply an invitation to reweigh the evidence, which is not permitted. *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) ("We do not reweigh the evidence."); *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016) ("It is not the role of this court to reweigh the evidence presented to the ALJ.").

Notably, Mr. Walker does not argue that he had extreme limitations in any area of adaptive functioning. As for marked limitations – which would be required in two areas to meet Listing 12.05(B) – Mr. Walker points to only nurse Sandra Howard's April 2024 assessment. *Doc. 10*. The ALJ found Ms. Howard's mental medical source statement to be unpersuasive, noting it lacked references, the majority of the categories indicated only mild limitations, and inconsistencies with other opinions and reports, etc. *Tr. 407*. Additionally, Ms. Howard's assessment noted "marked limitations" in only one category: "The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." *Doc. 10; Tr. 1034-35*. Even if the ALJ erred in assessing Ms. Howard's report, Ms. Howard's singular observation of an alleged marked limitation in one subcategory does not meet the listing.

The record contains substantial evidence to support the ALJ's finding that Mr. Walker did not meet Listing 12.05(B).

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Walker's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 23 October 2026.

UNITED STATES MAGISTRATE JUDGE